WEYERHAEUSER COMPANY v. GODWIN BUILDING SUPPLY CO., INC.

No. 7511SC767

(Filed 21 April 1976)

1. Trial § 42— verdict not inconsistent

Jury's verdict was not inconsistent in finding that defendant was indebted to plaintiff for goods and services and that defendant was entitled to recover damages for plaintiff's breach of a marketing agreement.

2. Contracts § 29— breach of contract — loss of future profits

The trial court erred in allowing the jury to consider loss of future profits in determining the amount of damages for breach of a marketing contract since there was no evidence to support a finding of loss of future profits.

APPEAL by plaintiff from *Hall, Judge.* Judgment entered 8 April 1975 in Superior Court, HARNETT County. Heard in the Court of Appeals 21 January 1976.

Plaintiff started this action to recover for goods sold and services rendered by plaintiff to defendant. Defendant then counterclaimed and alleged that plaintiff had breached a marketing contract into which the parties had entered. Defendant sought to recover a substantial sum it alleged as damages resulting from plaintiff's breach of that contract.

In the issues submitted, the jury found that defendant was indebted to plaintiff for the goods and services, that plaintiff had breached its contract with defendant and that defendant was entitled to recover $100,000 as damages.

*Edgar R. Bain; Hutchins, Romanet & Thompson, by Bob Hutchins, attorneys for plaintiff appellant.*

*Johnson and Johnson, by W. A. Johnson, for defendant appellant.*

VAUGHN, Judge.

Plaintiff's first three arguments question the sufficiency of the evidence to go to the jury on defendant's counterclaim. When the evidence is considered in the light most favorable to defendant we find it sufficient to take the case to the jury.

[1] Plaintiff's fourth argument, that the verdict should be set aside because it is inconsistent, is without merit. It was not inconsistent for the jury to find that defendant was indebted to plaintiff for the goods and services and also find that plaintiff had breached the marketing agreement.

Plaintiff's sixth argument, directed to the court's charge, does not appear to be supported by a proper exception.

[2] All of plaintiff's remaining assignments of error go to the question of damages. There were errors in the judge's charge on that issue. Among other things, it was improper to allow the jury to consider loss of future profits because there was no evidence to support a finding of loss of future profits.

We find no error in the trial other than on the question of what damages, if any, defendant sustained by reason of plaintiff's breach of the contract. On that issue there must be a new trial.

The case is remanded for a new trial on the issue of damages.

Remanded.

Judges MARTIN and CLARK concur.